WILLIAM H. SIKES v. COMMISSIONERS OF BLADEN COUNTY.

Where A was elected Sheriff of B county in August, 1874, and tendered to the Board of County Commissioners of said county a bond in the sum of $10,000, conditioned for the faithful execution of process, &c., which bond was accepted by said Board, and then tendered two bonds of $10,000 each, justified in the amount of $13,000 each, one for the collection of the county taxes, &c., and the other for the collection of the State taxes &c., which last two bonds were refused by the Board, who also refused to qualify him as Sheriff, but appointed another person: *Held,* that A was entitled to a *Mandamus,* to compel the County Commissioners to receive his bonds and qualify him as Sheriff of said county.

Chapter 106, of Battle's Revisal, differs materially from chap, 105 of the Rev. Code; and as it does not appear that, that chapter in Battle's Revisal was ever regularly enacted by the General Assembly according to the provisions of the Constitution, chap, 105, sec. 13, Rev. Code, is still law.

(*State* v. *Cunningham,* at this term, cited and approved.)

MANDAMUS, heard before *McKay, J.,* at Chambers, October 22d, 1874.

This was an action to compel the defendants, the Commissioners of BLADEN county, to allow the plaintiff to qualify as sheriff of said county.

The plaintiff was elected sheriff of said county on the 6th of August, 1874, and tendered to the defendants the bond usually known as the "Process bond," with good and sufficient sureties, justified according to law. This bond was approved by the defendants and accepted, and they then required the other bonds before he should qualify. At an adjourned meeting of the Board, to which time the further consideration of the plaintiff's qualification as sheriff was postponed, the plaintiff offered two other bonds: one conditioned for the collection, &c., of the county, school, special and poor tax, for the sum of ten thousand dollars, and justified to the full value of thirteen thousand dollars; another conditioned for the collection, &c.,

of the State taxes, for ten thousand dollars, and justified to the full value of thirteen thousand dollars.

The plaintiff insisted that he had complied with all the requirements of the law, and that he should be allowed to qualify and enter upon the discharge of his official duties.

The defendants insisted that the two last bonds were not in accordance with the requirements of the law, not being for double the amount of State and county taxes.

The plaintiff farther insisted that he, having been re-elected sheriff, and having collected the taxes for the present year, viz., 1874, under the bond given by him in 1873, was entitled to, and should be allowed, to qualify as sheriff, because the Board had already approved and accepted his bond for ten thousand dollars, known as the process bond, and that the existing law did not require his bond for the collection of taxes to be more than ten thousand dollars each.

The defendants farther insisted that the office of sheriff could not be divided from that of tax collector, and thereupon declared the office of sheriff vacant, and proceeded to appoint one William J. Sutton sheriff, who gave bond and qualified.

The plaintiff prayed judgment:

1. That writs of *mandamus* might issue to the defendants, requiring them to allow the plaintiff to qualify, as sheriff of Bladen county, upon his giving bond justified according to law, amounting in the aggregate to thirty thousand dollars : One for the execution of process, one for the collection of county tax, and one for the collection of State tax, each conditioned for the payment of ten thousand dollars.

2. If the Court should be of the opinion that the plaintiff was not entitled to the relief above prayed, that the defendants might be required to divide the office of sheriff from that of tax collector, and allow the plaintiff to qualify as sheriff under the bond for ten thousand dollars, accepted and approved by the defendants.

The Court refused to grant the writs, and gave judgment against the plaintiff for cost, whereupon he appealed.

*W. McL. McKay* and *N. A. Steadman,* for appellant.
*Thos. H. Sutton,* contra.

RODMAN, J. By the Revised Code, chap. 105, sec. 13, every sheriff was required to execute three bonds, each in the penalty of $10,000 : one conditioned for the collection and payment of the county and poor taxes; one, for the collection and payment of the State taxes ; and one for the proper execution of process, &c.

By the act of 1868, chap. 1, sec. 2, it is enacted that sheriffs shall execute three several bonds, with conditions similar to those above expressed. Those conditioned for the collection of the county and poor taxes, and of the State taxes, shall be for twice the amount of such taxes respectively for the preceding year. And the act continues: " *Provided further, That neither of the aforesaid bonds shall exceed the amount of such bonds as required by existing law.*"

This act further enacts that the penalty of the bond conditioned for the execution of process, shall be $5,000.

In the compilation known as Battle's Revisal, chap. 106, sec. 8, the law is represented as being, that sheriffs shall execute three several bonds, viz: one for the collection, &c., of the county taxes; one for the collection, &c., of the State taxes; and one for the execution of process, &c.; that the penalty of the two first of said bonds shall be a sum double the amount of taxes to be secured by them respectively; and the penalty of the third bond shall be $10,000. For this law the compiler refers to the section of the Revised Code above cited. But it will be seen on comparison, that it materially varies from that act, as it also does from the act of 1868. We know of no acts of Assembly, which either separately or in combination, state the law as it is stated in Battle's Revisal. In the case of the *State* v. *Cunningham,* decided at this term, this Court felt bound to hold, for the reasons stated in our opinion in that case, that where an act of Assembly was omitted from Battle's Revisal, it was not thereby repealed. For the same reasons,

where the language of existing acts of Assembly is changed in that book, no force can be allowed to the change. It does not appear that the chapter in question, concerning sheriffs, was ever read in the General Assembly, or adopted by that body as an act, in the manner prescribed by the Constitution. No certified copy of it is to be found in the office of the Secretary of State, which is the prescribed depository of all authentic legislation.

We think that when the plaintiff tendered to the defendants bonds conditioned as required by law, and in the penalty of $10,000 each, he conformed to the law, and there being no other objection, was entitled to qualify as sheriff.

Per Curiam.    Judgment below reversed, and judgment for plaintiff.